UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLOS KIER,                                      :
                                                  :
                       Petitioner,           :        08 Civ. 0928 (HB)
                                                  :
                -against-                      :
                                                  :        **OPINION & ORDER**
J.M. KILLIAN, Warden of the Otisville Federal     :
Correctional Institution,                         :
                                                  :
                       Respondent.           :
------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge**[*]**:**

    *Pro se* petitioner Carlos Kier ("Petitioner" or "Kier"), an inmate at the Federal Correctional Institution in Otisville, New York ("FCI-Otisville"), filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Petitioner claims that he was denied procedural and substantive due process of law when (1) the United States Parole Commission ("Parole Commission") imposed an unlawful term of imprisonment for his violation of supervised release, and (2) the Federal Bureau of Prisons ("BOP") wrongly determined that his two terms of imprisonment should run consecutively rather than concurrently. Pet. for a Writ of Habeas Corpus, Jan. 2, 2008 ("Pet."). For the reasons set forth below, the petition is denied.

## I. BACKGROUND

    On June 2, 2004, Kier pled guilty in the District of Columbia Superior Court ("D.C. Superior Court") to distribution of cocaine. Decl. of Douglas W. Thiessen ("Thiessen Decl.") ¶ 4, Ex. B (Judgment & Commitment Order, June 2, 2004). Kier was sentenced to one year of imprisonment, followed by a two-year term of supervised release. *Id.* On February 10, 2005, Kier was released from prison. Thiessen Decl. Ex. D (Report of Alleged Violations, Feb. 28, 2005). Within three weeks, however, Kier violated the conditions of his supervised release when he submitted a false address to his Supervision Officer on February 15, 2005 and failed to report for supervision on February 16, 2005. *Id.* Kier again violated the conditions of his supervised release when he was arrested and charged with distribution of heroin on April 9, 2005. Thiessen Decl. Ex. E (Report of Alleged Violations, Apr. 11, 2005). On April 28, 2005, the Parole

---

[*] Amy Wolper, a Summer 2008 intern in my Chambers and a second-year law student at the Benjamin N. Cardozo School of Law, provided substantial assistance in the research and drafting of this opinion.

Commission issued a warrant for Kier's arrest for his three supervised release violations, which was served on Kier on August 18, 2005.[1]  *Id.* ¶ 8, Ex. F (Warrant).

On August 26, 2005, Kier appeared with counsel at a probable cause hearing before the Parole Commission.  Thiessen Decl. ¶ 9, Ex. G (D.C. Probable Cause Hearing Digest, Aug. 25, 2005).  *Id.*  He denied all three alleged violations of supervised release.  *Id.*  However, the Parole Commission found that probable cause existed and continued the proceedings.  *Id.*  On October 24, 2005, the Parole Commission held a hearing to determine whether Kier's term of supervised release should be revoked because he violated the supervised release conditions and, if so, to determine an appropriate sentence.  Thiessen Decl. ¶ 10, Ex. H (Hearing Summary, Oct. 24, 2005 ("Hearing Summary")).  Kier appeared with counsel at the hearing.  *Id.*

On November 14, 2005, the Parole Commission revoked Kier's supervised release and sentenced him to a "new term of imprisonment of 36 months from August 18, 2005, the date the warrant was executed."  Thiessen Decl. ¶ 11, Ex. I (Notice of Action, Nov. 14, 2005).  In accordance with 28 C.F.R. § 2.220, the Notice of Action advised Kier of his right to appeal to the National Appeals Board of the Parole Commission within 30 days.  Notice of Action.  According to the Parole Commission's records, Kier never filed an appeal.  Thiessen Decl. ¶ 15.

***Kier's 2005 Heroin Distribution Conviction***

Meanwhile, on August 16, 2005, Kier had been arrested by the District of Columbia Metropolitan Police Department ("D.C. Police Department") and charged with distribution of heroin.  Decl. of J.R. Johnson ("Johnson Decl.") ¶ 7, Ex. C (Pre-sentence Report in *United States v. Kier*, No. F-4664-05, at 4) ("Pre-sentence Report").  While he was in D.C. Police Department custody, the Parole Commission served Kier with the April 2005 warrant for violation of supervised release.  Resp't's Mem. in Opp'n to Pet. ("Mem. in Opp'n") at 2 (citing Thiessen Decl. ¶ 8).

---

[1] With respect to D.C. Code offenders, like Kier, the Parole Commission is responsible for, *inter alia*, making determinations regarding the initial conditions of supervision, the issuance of a warrant or summons for violation of the conditions of supervision, and the revocation of release for D.C. Code offenders who, like Kier, committed their offenses after August 4, 2000 and who were sentenced to a determinate sentence of imprisonment followed by a term of supervised release.  *See* 18 U.S.C § 4214.  However, an extension of a term of supervised release under 18 U.S.C. § 3583(e)(2) may be ordered only by the sentencing court upon motion from the Parole Commission.  D.C. Code § 24-403.01(b)(6)(B).  While the Parole Commission was to be abolished in 1992, it continues to exist, by virtue of several statutory extensions, until at least October 2008.  *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035 (Sept. 29, 2005).

On October 19, 2005, Kier pled guilty in the D.C. Superior Court to distribution of heroin. Pre-sentence Report at 4. Kier admitted that he was involved with distribution of heroin while he was on supervised release following his 2004 cocaine distribution conviction. *Id.* On December 14, 2005, Kier was sentenced in the D.C. Superior Court to a 72-month term of imprisonment to be followed by a five-year term of supervised release for his heroin distribution conviction. Johnson Decl. ¶ 9, Ex. E (Judgment & Commitment Order, Dec. 14, 2005). The court was silent as to whether the sentence would run consecutively or concurrently to Kier's existing sentence, *i.e.*, the 36-month term of imprisonment for violation of supervised release. *Id.* Accordingly, the BOP determined that Kier would serve the 36-month term of imprisonment for violation of supervised release and the 72-month term for heroin distribution *consecutively* for a total term of 108 months' imprisonment. Johnson Decl. ¶¶ 10-11, Ex. F (Sentence Monitoring Computation Data). Pursuant to D.C. Code § 24-101, Kier was to serve both sentences in BOP custody. D.C. Code § 24-101. He was transferred to FCI-Otisville on February 8, 2006. Johnson Decl. ¶ 9.

## II. STANDARD OF REVIEW

A prisoner seeking *habeas corpus* relief under § 2241 must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Papers by a *pro se* litigant are construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999).

Further, "[i]t is well settled that a federal court's review of the [Parole] Commission's decision to revoke a petitioner's release is extremely limited in light of the Commission's broad discretion in this area." *Stinchfield v. Menifee,* 119 F. Supp. 2d 381, 385 (S.D.N.Y. 2000). Therefore, judicial review of a decision rendered by the Parole Commission is limited to a determination of whether the Parole Commission abused its discretion. *Lieberman v. Gunnell,* 726 F.2d 75, 77 (2d Cir. 1984); *Bialkin v. Baer,* 719 F.2d 590, 593 (2d Cir. 1983). The reviewing court must defer to the Parole Commission's interpretation of its own regulations and must only reverse where the interpretation is unreasonable or has no rational basis. 726 F.2d at 77.

## III. DISCUSSION

Here, Petitioner does not challenge the Parole Commission's revocation of his supervised release, but instead argues that the Parole Commission lacked the authority to impose a new term of imprisonment. Pet. at 4. Kier also argues that the BOP should have run his two sentences concurrently instead of consecutively. *Id.* at 7. The government argues that (1) Kier's challenge

3

to his term of imprisonment for violation of supervised release should be denied for failure to exhaust administrative remedies, and (2) even if Kier had exhausted his administrative remedies, his petition should be denied because both arguments are without merit. Mem. in Opp'n at 5.

      A.      **Exhaustion of Administrative Remedies**

With respect to Kier's first claim, that the Parole Commission lacked authority to impose a new term of imprisonment, Kier has failed to exhaust his administrative remedies. He had the right to appeal the revocation of his supervised release to the National Appeals Board but chose not to do so. Mem. in Opp'n at 6. "Failure to exhaust administrative remedies is a recognized ground for denying habeas relief in this circuit." *Hall v. United States Parole Comm'n*, No. 97 Civ. 7814, 1998 WL 397850, at *2 (S.D.N.Y. July 15, 1998); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). The National Appeals Board has the authority to order a new hearing or reverse the Parole Commission's revocation of supervised release and imposition of a new term of imprisonment. 28 C.F.R. §§ 2.220, 2.26(b)(1). Accordingly, the National Appeals Board could have provided Kier with an adequate remedy had Kier exercised his right to appeal. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Because Kier has failed to demonstrate that such an appeal is either inadequate or unavailable, his petition is premature with respect to this first claim. *See Hall*, 1998 WL 397850, at *2-3.

However, Kier has exhausted his administrative remedies with respect to his second claim, that it was unlawful for the BOP to impose his two terms of imprisonment consecutively. Kier appealed the BOP's determination, and the BOP National Inmate Appeals unit denied Kier's challenge on January 10, 2008. Mem. in Opp'n at 5; Record of Administrative Remedy No. 462737-A3. Regardless of whether he exhausted his administrative remedies with respect to his two claims, however, Kier's petition for habeas relief is without merit.

      B.      **Parole Commission's Authority to Revoke Supervised Release and Impose New Term of Imprisonment**

Kier contends that it was unlawful for the Parole Commission to impose a new 36-month term of imprisonment for his violation of supervised release because the Parole Commission lacked the authority to extend the original two-year term of supervised release that followed his cocaine distribution sentence. Pet. at 4-5. Although Kier is correct that D.C. Code § 24-133(c)(2)(B) requires the Parole Commission to seek permission from the D.C. Superior Court to *extend* a term of supervised release, Kier's argument is irrelevant. Here, the Parole Commission did not extend Kier's term of supervised release; rather, it determined that his supervised release

4

should be revoked, and then, pursuant to D.C. Code § 24-403.01(b)(7) and 28 C.F.R. §§ 2.218-219, imposed a new term of imprisonment for his violation of supervised release.[2]

The Parole Commission acted within its authority when it revoked Kier's supervised release and imposed a new term of imprisonment. The National Capital Revitalization and Self-Government Improvement Act of 1997, 11 Stat. 251, 712, *codified at* D.C. Code § 24-101 *et. seq.* ("Revitalization Act"), charged the Parole Commission with broad responsibilities for District of Columbia offenders on supervised release. *See* D.C. Code § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."); *Taylor v. Horton*, No. 05 Civ. 1634, 2006 WL 1071517, at * 2 (D.D.C. Apr. 21, 2006). Congress vested the Parole Commission with "the same authority as is vested in the United States district courts by paragraphs (d) through (i) of § 3583 of title 18, United States Code." D.C. Code § 24-133(c)(2); *see* 18 U.S.C. § 3583(e)(3) (vesting district courts with authority to revoke supervised release upon an offender's violation of conditions and impose a new term of imprisonment). Therefore, the Parole Commission has the authority to revoke a term of supervised release of a District of Columbia offender and to determine the length of a new term of imprisonment. *See* 28 C.F.R. § 2.218(b) *et. seq.* ("If supervised release is revoked, the Commission shall determine whether the releasee shall be returned to prison to serve a new term of imprisonment, and the length of that term . . . ."); D.C. Code §§ 24-133(c), 403.01(b)(7).[3]

---

[2] When the Parole Commission revokes a term of supervised release, the maximum authorized term of imprisonment that it may require the offender to serve, in accordance with D.C. Code § 24-403.01(b)(7) and 28 C.F.R. § 2.219(a), is determined by reference to the maximum authorized term of imprisonment for the offense of conviction. The maximum authorized term of imprisonment at the first revocation is: (1) five years if the maximum term of imprisonment authorized for the offense is life, or if the offense is statutorily designated as a Class A felony; (2) three years if the maximum term of imprisonment authorized for the offense is 25 years or more, but less than life, and the offense is not statutorily designated as a Class A felony; (3) two years if the maximum term of imprisonment authorized for the offense is 5 years or more, but less than 25 years; or (4) one year if the maximum term of imprisonment authorized for the offense is less than 5 years. Here, because the maximum term of imprisonment authorized for Kier's offense of distribution of cocaine was 30 years and the offense was not statutorily designated as a Class A felony, the maximum authorized term for his first revocation was three years, as explained further below.

[3] The Parole Commission's decision to revoke Kier's supervised release comports with Kier's original sentence for his 2004 distribution of cocaine conviction. Mem. in Opp'n at 8, n. 3. Pursuant to D.C. Code § 24-403.01(b)(7), a component of Kier's 2004 sentence was that he could be subject to imprisonment if he were to violate the conditions of his supervised release. *See* D.C. Code § 24-403.01(b)(7).

5

The Parole Commission acted within the promulgated regulations when it imposed a 36-month term of imprisonment for Kier's violations of the conditions of supervised release. *See* 28 C.F.R. §§ 2.218-219, 2.20. Pursuant to 28 C.F.R. § 2.219(a) and D.C. Code § 24-403.01(b)(7), the Parole Commission determined the length of imprisonment for Kier's violation of supervised release by reference to the maximum authorized term of imprisonment for his original conviction for distribution of cocaine. 28 C.F.R. § 2.219(a); D.C. Code § 24-403.01(b)(7). Kier's original conviction for distribution of cocaine in violation of D.C. Code § 48-904.01(a)(2)(A) carries a maximum term of 30 years' imprisonment and is not a Class A felony. D.C. Code § 48-904.01(a)(2)(A). Therefore, the regulations provide that the maximum authorized term of imprisonment at the first revocation of supervised release is three years, or 36 months. *See* 28 C.F.R. § 2.219 (a)(2); D.C. Code §§ 24-403.01(b)(7)(B) ("An offender whose term of supervised release is revoked may be imprisoned for . . . [n]ot more than 3 years, if the maximum term of imprisonment authorized for the offense is 25 years or more, . . . and the offense is not specifically designated as a Class A felony).

The 36-month term of imprisonment also falls within the range recommended by the Parole Commission's Re-parole Guidelines codified at 28 C.F.R. § 2.20 ("Guidelines"). 28 C.F.R. § 2.20. The Guidelines provide ranges of sentences based on an offender's Salient Factor score and the severity of the offense.[4] *See* 28 C.F.R. § 2.20. The Parole Commission found Kier's Salient Factor score to be 1 and his offense severity Category 4. Hearing Summary at 2. Accordingly, the Guidelines provide that Kier's sentence upon revocation of supervised release should fall within the range of 33 to 44 months. 28 C.F.R. § 2.20. The Hearing Examiner specified that Kier's case did not warrant a departure from the Guidelines. Hearing Summary at 3.

For the reasons above, the Parole Commission acted within its authority and did not abuse its discretion when it revoked Kier's supervised release and imposed a new 36-month term of imprisonment.

---

[4] For revocation of supervised release based on a controlled substance distribution charge, the Commission determines the offense severity category based on the controlled substance involved, the amount of the substance involved, and the offender's role. *See Lieberman v. Gunnell*, 726 F.2d 75, 76 (2d Cir. 1984) (applying 28 C.F.R. § 2.20 guidelines to determine parole release date for offense involving controlled substance); Mem. in Opp'n at 4, n. 2. An offender's Salient Factor score, on the other hand, considers the offender's characteristics as well as his or her "number of prior convictions, recent conviction history, and drug use." *Kimberlin v. White*, 798 F. Supp. 472, 482 (W.D. Tenn. 1992).

**C.    BOP's Imposition of Consecutive Sentences**

Kier argues that the BOP violated D.C. Code § 23-112 and BOP's Program Statement 5880.32 when it ran consecutively his two terms of imprisonment: the 36-month term for violation of supervised release and the 72-month term for distribution of heroin. Pet. at 6-7; *see* D.C. Code § 23-112; BOP Program Statement 5880.32, *District of Columbia Sentence Computation Manual*, *available at* http://www.bop.gov/policy/-progstat/5880_032_-CN01.pdf (last visited Aug. 4, 2008) ("Program Statement 5880.32"). Kier argues that neither D.C. Code § 23-112 nor Program Statement 5880.32 addresses whether a sentence of imprisonment imposed by an administrative agency (the 36-month sentence imposed by the Parole Commission) and a second sentence by a court (the 72-month sentence ordered by the D.C. Superior Court) are to run consecutively or concurrently. Pet. at 7. However, the consecutive terms here are consistent with D.C. Code § 23-101 *et. seq.*, the applicable BOP Program Statement, and the facts of Kier's case. Mem. in Opp'n at 9.

The Revitalization Act provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. Code § 24-101(b). Although the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia Code controls the computation of such sentences. *See id.* at § 24-101(a); *Jackson v. Haynes*, No. 3:06-CV-91, 2007 WL 2897931, at *4 (N.D. W. Va. Oct. 2, 2007). Accordingly, Program Statement 5880.32 instructs that D.C. Code § 23-112 "governs whether sentences run consecutively or concurrently." Program Statement 5880.32; Johnson Decl. ¶ 11.

D.C. Code § 23-112 provides that

> [a] sentence imposed on a person for conviction of an offense, shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

D.C. Code § 23-112. The Petitioner's argument that D.C. Code § 23-112 does not apply to his sentences because the Parole Commission, not a court, imposed his first 36-month term is misguided. It is irrelevant whether an administrative agency ordered Kier's first 36-month sentence because the phrase "unless the court imposing such sentence expressly provides otherwise" refers to the D.C. Superior Court, which imposed the latter 72-month sentence. *See* D.C. Code § 23-112.

7

BOP Program Statement 5880.32 recognizes that D.C. Code § 23-112 "requires that a newly imposed D.C. Code sentence will run consecutively to *any existing sentence*, including another D.C. Code sentence, U.S. Code sentence or non-federal sentence, *if the court does not order otherwise*." Program Statement 5880.32 (emphasis added). The statute does not limit the "existing sentence," *i.e.* the first of two sentences, to a sentence imposed by a court. The statute provides only that a later D.C. Code sentence will run consecutively to "*any* existing sentence," and does not distinguish existing sentences imposed by the Parole Commission from those imposed by a court.[5] D.C. Code § 23-112 (emphasis added).

The BOP correctly applied D.C. Code § 23-112 and the BOP Program Statement when it concluded that Kier's two terms of imprisonment should run consecutively. In its December 2005 Judgment and Commitment Order, the D.C. Superior Court sentenced Kier to a 72-month term of imprisonment without providing that the sentence should run concurrently with any other sentence. Judgment & Commitment Order, Dec. 14, 2005. Without an express recommendation by the D.C. Superior Court that the sentences should run concurrently, the BOP was required under D.C. Code § 23-112 and its own Program Statement to make the 72-month term of imprisonment and the 36-month term of imprisonment consecutive terms. *See* D.C. Code § 23-112; Program Statement 5880.32.

## IV. CONCLUSION

For the foregoing reasons, Kier's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is DENIED. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
August ___, 2008

U.S.D.J.

---

[5] Moreover, as discussed above, the Commission acted in accordance with the D.C. Superior Court's original sentence when it revoked Kier's term of supervised release and imposed a new term of imprisonment. The imposition of a new term of imprisonment therefore was not purely an agency decision. *See* Mem. in Opp at 7-8, n. 3; D.C. Code § 24.403.01(b)(7).